THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ LUIS RIVERA MALDONADO, Defendant and Appellant.

No. CR-63-255.       Decided June 2, 1964.

*Benicio Sánchez Castaño* and *Carlos R. Vélez* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was convicted of driving an automobile in state of intoxication. The two errors assigned are directed to the sufficiency of the evidence.

In addition to the unequivocal testimony of the policeman who made the arrest, the chemical analysis of the third blood sample made by the chemist of the Department of Health in the presence of defendant's expert chemist showed it contained 17 hundredths of one percent by weight of alcohol. The Vehicle and Traffic Law provides that:

"If there was at the time of the analysis fifteen (15) hundredths of one (1) per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor at the time of the alleged violation." (9 L.P.R.A. § 1041(b)(3).)

■ We have examined the record and the transcript of evidence. There is no conflict in the evidence. Appellant argues that he was sober because the keys of his car were delivered to him at the General Police Headquarters. The truth is that appellant was arrested by the police on September 18, 1960 on Roosevelt Avenue, in front of Nemesio Canales Housing Project in Hato Rey, about 12:20 p.m. From there he was taken to the municipal hospital in Río Piedras, where a blood sample was taken at 1:00 a.m. From Río Piedras he was taken to Stop 8, in Puerta de Tierra, San Juan, to confront him with the magistrate. Then he posted bail and later was transferred to the General Police Headquarters (situated on Barbosa Avenue) where appellant's automobile had been taken and there the keys were delivered to him. It is reasonable to suppose that because of the time elapsed from the arrest to the time when the keys were delivered to him, and due also to the sobering impression received by a person who is arrested, when taken to a hospital, to a judge, and to police headquarters, appellant was in the proper condition to drive his automobile. But apart from suppositions, considering the merits of the contention, the same is a *non sequitur*. The fact that a policeman delivers the keys to a vehicle to an intoxicated person may be ground to prove other things but not to prove that the intoxicated person was sober.

■■ In view of the evidence introduced we believe that the trial court had no other alternative but to sentence, as we likewise have no other alternative but to affirm. We shall not disturb the discretion of the trial judge in weighing the evidence which we believe was correctly exercised, nor constitute ourselves a trial court in order to substitute our criterion

for that of the former. There is nothing in the transcript of evidence to show that the trial court acted with manifest error, prejudice or partiality. *People* v. *López Rodríguez*, 88 P.R.R. 459 (1963); *People* v. *Monroig*, 87 P.R.R. 622 (1963). The errors assigned were not committed.

The judgment appealed from will be affirmed.